UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANCES FOUNTAIN | CIVIL ACTION |
| VERSUS | NO. 25-2292 |
| CIRCLE K STORES, INC. AND JANE DOE | SECTION: "E" (3) |

## ORDER AND REASONS

Plaintiff, Frances Fountain, filed a Motion for Leave to Amend Complaint.[1] No opposition has been filed. Having considered the submissions and arguments of counsel, the record, and the applicable law, the Court grants the Motion for Leave to Amend Complaint.

I.   **Background**

On July 22, 2025, Plaintiff filed a lawsuit against Circle K Stores, Inc. ("Circle K") and a "Jane Doe" employee based on injuries that resulted from a tripping incident. The unnamed employee was the only one alleged to be working at the time. On November 10, 2025, Circle K removed the lawsuit.

On November 13, 2025, discovery responses identified Semaj Vance as the employee working at the time of Plaintiff's accident. On December 19, 2025, Plaintiff filed the instant motion seeking to amend her Complaint to list Semaj Vance as a properly named defendant. Plaintiff alleges that Vance is a citizen of Louisiana such

---

[1] R. Doc. 10.

1

that amendment would defeat diversity jurisdiction. No scheduling order has been entered, and there is no trial date.

## II.   Law and Analysis

Generally, Rule 15 of the Federal Rules of Civil Procedure governs proposed amendments to pleadings, and Rule 20 governs joinder. When amendment would destroy subject matter jurisdiction, however, 28 U.S.C. § 1447(e) applies. Section 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Courts exercising discretion under § 1447(e) must more closely "scrutinize" amendment than they would under Rule 15(a) and Rule 20. *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987).

In *Hensgens*, the Fifth Circuit provided a nonexclusive list of relevant factors for courts to consider when exercising that discretion:

> In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider[: 1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.

*Id.* Each of these factors supports allowing amendment in this case. *See Trabelsi v. Lab'y Corp. of Am. Holdings*, No. CV 24-328, 2024 WL 3488259, at *4 (E.D. La. July 19, 2024) (citing cases), *recognized*, No. CV 24-328, 2024 WL 3497859 (E.D. La. July 22, 2024) (remanding for lack of subject matter jurisdiction given that amendment destroyed complete diversity). Moreover, the motion is unopposed.

### III. Conclusion

Accordingly, for these reasons,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Rec. Doc. 10) is **GRANTED**. Plaintiff's proposed pleading shall be filed in the record.

New Orleans, Louisiana, this 5th day of January, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE